All right. So, Ms. Lateef, you're appearing remotely. I want to make sure that everything's working before we start. Can you hear me okay? I can hear you, yes, Your Honor. Good. All right. You're loud and clear here as well, and we can see you. So, you have reserved two minutes for rebuttal. So, that gives you eight minutes to start. So, you may proceed. Thank you, Your Honor. First of all, may I please report my name is Elizabeth Lateef, and I represent the defendant, Andre Dennis. I want to thank the court for letting me appear by Zoom and also for sitting down. I normally don't sit down during oral argument. Well, we can't even tell that. So, for all we know, you're standing. Okay. Thank you.                And, yes, I do wish to reserve two minutes for rebuttal. Today, I plan to discuss three issues as related to Mr. Andre Dennis, who was convicted by a jury trial of possession with intent to distribute drugs and felon in possession of a firearm. I will rest on my brief on the other arguments, unless the court has questions on them, which I'm happy to answer. First, I wanted to talk about the district court failure to bifurcate the gun and the drug charges. This court has long held that in conducting a trial where there are gun and drug charges that include a felon in possession charge specifically, the court maintains the right to conduct a bifurcated trial. Here, the district court ruled that bifurcation was unnecessary because there was testimony that was coming in anyway about Mr. Dennis being on parole to establish how the events of his arrest were to be. However, even in the testimony given by the parole officer, she just stated that the search was in connection with his parole status. She never mentioned that he was on parole. She mentioned that she supervised offenders when they were released from prison, and that's why she supervised Mr. Dennis, and that's why she conducted the search. The court allowed the testimony about Mr. Dennis being a felon to come in because he thought that it needed to complete the story of this, why there was a search. However, evidence that one is a felon is not necessary to establish that one is on parole. Therefore, the district court should have bifurcated the trial as to whether he was a felon in possession while at the same time allowing the evidence that he was on parole. The second issue involves Mr. Dennis's, I'm announcing statements by an out-of-court witness as to Mr. Dennis's possessing of guns and drugs. The district court admitted this call on the basis that it was a statement of the declarant's state of mind. That's under federal rule of evidence 803. However, these statements do not go to the declarant's state of mind. They don't describe how she was feeling, nor were they spontaneous utterances, or describing what she was thinking at all. Rather, she was describing what she saw, and there is no hearsay exception for those who describe what they saw. Mr. Dennis should have been able to cross-examine this out-of-court declarant in her statement pursuant to the confrontation clause and hearsay rules. Weren't those statements admitted to show the officer's state of mind, why she felt a search was appropriate? They were admitted to show why the officer did what she did, but they were not. In other words, it didn't matter whether it was true, for example, that the caller was the defendant's girlfriend, but given that information, the officer determined that it would be appropriate to go and search. Why isn't it admissible for that purpose? It's not being offered for the truth of whether she was a girlfriend. It's being offered to show why the probation officer conducted the search. Because, Your Honor, that testimony was unnecessary. This probation officer could have conducted a compliance search with absolutely no reason, and so we could have taken out this out-of-court declarant statement and achieved the same result. She conducted a compliance search on Mr. Dennis's residence and found the drugs and dogs. It was simply unnecessary to include this hearsay testimony, which was incredibly damaging and prejudicial to Mr. Dennis, because we went to the heart of the matter, went to the truth of the matter asserted. Did he possess guns and drugs? Well, this out-of-court declarant said he possessed guns and drugs, which made the jury believe he possessed guns and drugs, and that's exactly the hearsay rules are meant to prevent. But there was no objection and no assertion of a 403 objection, right? I believe there was, Your Honor. I believe there was a 403 objection. Where would you find that in the record? I would have to go back, Your Honor, and look in the record. But I believe he objected on the, generally, I don't think he mentioned 403 in particular, but I think he did mention that the statements that this woman even was his girlfriend and possessed these guns and drugs were prejudicial to him. They didn't have to say it was the girlfriend. They didn't have to say they were pirates and drugs. They could have just said she was conducting a compliance search, which she was entitled to do in the absence of any out-of-court declarants. But, I mean, the district court gave an instruction that said the statements from the tipster were not evidence that were coming in, just as it related to the probation officer's state of mind, and that what the caller may have said is not evidence. That's what the district court said, right? I believe so, Your Honor, but I don't think this instruction cured the problem. I think the problem remained that when the jury heard a girlfriend said he had guns and drugs, they believed the truth of the matter was certain, that he possessed guns and drugs. And, therefore, even if he gave a limiting instruction, it was still highly prejudicial and unnecessary. The third argument, and the fourth arguments are related, they relate to the objection of, the third argument relates to the objection of text messages, which I think is one of the most important arguments, something this court hasn't really decided. The court admitted these text messages between Mr. Dennis and some out-of-court declarant, which the government claimed was about drugs. The district court allowed these messages because they showed context, and to show the effect on Mr. Dennis. As to context, there's no hearsay exception that specifically relates to context. There are hearsay objections that allow for completeness, but the rule of completeness doesn't apply when the government introduces the messages. The rule of completeness or content applies when another party introduces part of a document or another document, then you're allowed to give the rest of that document. You're allowed to give another document that gives that document context, that completes that context. But here, because it was introduced by the government, the court cannot rely on the rule of completeness to introduce another part of the document that the government's introduced. You're saying that the government can't produce the other half of conversations, only the ones that involve a defendant? That's the rules of hearsay. Really? Well, I'm looking for a hearsay exception, Your Honor, and I can't find one. The rule of completeness is not there to supplement something that one person introduced. It's there to supplement something that another party introduced. Well, I mean, there are ample cases in which we have allowed cases that we've allowed statements that provide context for statements, right? But those are cases in which those statements were offered by a different party, not by an initial party. So it's not by the party that admits the original statement, it's by a party that... But just so I'm clear, in a wiretap case, then, where it's a call involving the defendant to a third party, your view is that the government would have to strike or take out all the exchanges from the third party? Unless they found another hearsay exception. Now, they could argue, as the district court did, that the messages were admissible to show the effect on the listener, right? But here, the statements were not included to establish the effect on the listener. They were aligned solely in the fact that they were made. They weren't necessary to show, you know, why Mr. Dennis replied the way he did. Rather, they were used to prove the truth of the statement that the declarant wanted drugs from Mr. Dennis and that Mr. Dennis supplied those drugs. So in that sense, the district court invited the court to accept as true those out-of-court declarant statements. So, Your Honor, if we allow the government to introduce the admission of the entirety of every text exchange under the guise of effect on the listener, then it would make the hearsay rule meaningless as to out-of-court declarants. You can never contest your opposing an out-of-court declarant statements in a text message chain. You'd always have to let the full text chain in, and you'd be ignoring the hearsay rule that you're allowed to be able to confront your accusers, to confront your out-of-court declarants, or make them come into court and say, yes, I did say these things, and this is what I meant. So I think we're falling down a slippery slope, but we started admitting all text messages with no concern for the hearsay rule or the confrontation clause. A defendant could never insist on a cross-examination of the out-of-court declarant-related messages in that text chain. All right. So we're over, but you've still reserved two minutes for rebuttal. So now we'll hear from Ms. Freismuth. Ms. Freismuth, you tell me. That is correct, Your Honor. Good morning, and may it please the Court. My name is Natasha Freismuth, and I represent the government in this appeal. This Court should affirm the district court's ruling. I will address the issues that were raised by the appellate counsel. First, with respect to bifurcation, here this Court should find the denial of the request to bifurcate was not an abuse of the district court's discretion. The district court precluded prejudicial information regarding the defendant's criminal history and allowed the parties to introduce a sanitized stipulation, and the court also gave a proper limited instruction. This was a proper exercise of the court's discretion. Here, too, the same gun was relevant to all three charges. It was charged in the felon possession count. It was charged in the 924C count, and it was relevant as a tool of the trade for narcotics traffickers pertaining to the drug count. It was also appropriate for the district court to be concerned with conserving judicial resources at the time in deciding the severance issue, in particular given that this court case occurred during COVID, so the trial was a COVID trial. Well, it wouldn't have taken much, right? I mean, bifurcations do happen with great frequency. I mean, all you do is have the jury hear evidence and deliberate with respect to the gun charge and the other charges and then bring them back afterwards and then do, you know, a little bit of extra testimony and extra deliberation on the gun charge, right? Correct, Your Honor. It certainly could have been done that way, but that it could have been done a different way does not mean it was a... But, I mean, does COVID have anything to do with that? During COVID, there was a concern, Your Honor, for any time that extended the jury being together, including the time for them to consider first the count pertaining to the drugs and the 924C, and then they have to spend time again coming back and listening to additional testimony and again spending time in a close area together to decide the 922G1 count. Well, I mean, it's not true to me that bifurcation necessarily leads to a longer trial. I mean, because testimony and deliberation as to one count is not going to happen at the first part of the trial, so presumably that part is shorter, and then you make it up on the back end when you've bifurcated. It's not clear to me why that is a particularly compelling argument. Your Honor, I'm not trying to suggest it would have been exceedingly long, particularly in this case, given the overlap of evidence, where it would have only required the introduction of information pertaining to the criminal conviction. However, the district court's decision in terms of how to proceed was reasonable in terms of its exercise of its discretion to decide in that moment how it wanted to... And your position is it would have been a reasonable exercise of discretion even if COVID was not a factor? Correct, Your Honor. Okay. Yes. And here I also submit that the defendant cannot show his burden to show substantial prejudice amounting to a miscarriage of justice. Here, indeed, it was evidently clear from the trial court record that the jury considered each element pertaining to each count and that it acquitted the defendant of one of the charges even after the introduction of all the evidence. Turning next to the two arguments which I believe are related, the anonymous call and the testimony or the text messages, here this court should find the omission of both pieces of evidence was not an abuse of discretion because neither were admitted for the truth and therefore a hearsay exception is not needed. Hearsay only applies... Part of the definition of hearsay encompasses the information or evidence that's being offered for the truth. Here, neither were admitted for the truth, so they are not hearsay, so no exception is needed. The call was admitted to show the effect on the parole officer to explain why the compliance check occurred not for the truth of the call contents. And with respect to the third-party text messages, they were offered as context to understand the defendant's side of the text messages which were admissible as party admissions. Finally, any error with respect to that was harmless given the other evidence before the jury at that time, including the drugs and guns seized in the garbage can, the scales with residue, that over nine thousand dollars concealed in the ceiling tiles of the defendant's bedroom, as well as the defendant's post-arrest, post-Miranda admission concerning the guns and drugs in the residence, as well as his side of the text messages. As for all those reasons, if there's no further questions, this court should affirm the rulings of the district court for all the reasons set forth in our brief, as well as here today. All right, thank you very much. That brings us back to you, Ms. Lateef, for two minutes of rebuttal. Thank you, Your Honor. The counsel mentioned the sanitized stipulation and that it didn't take into account all these other things, but I'm not challenging him. What I'm challenging is that stipulation didn't take into account that he was a felon, and that he was a felon was unnecessary and truly prejudiced him. All they had to say was he was on parole, and that parole was the surface. How do you respond, how do you respond to the harmless error argument, that is, that he even gave a post-arrest statement admitting to possession of the items which were indeed found? In other words, if there was error, why isn't the error harmless in light of that evidence? Because the error is in light of the fact that he was a felon, not that he possessed those things. That he possessed those things was fine to come in, but the argument that he was a felon is the piece that's extra prejudicial, and he only gave that stipulation after the court ruled that that was coming in anyway. As Your Honor noted, Your Honor noted, bifurcations happen with frequency. It's just a little bit of extra testimony. It's a short procedure. COVID certainly doesn't take any of the defendant's rights in that regard. Well, but I mean, this is a situation where he's on, he's on supervision, right? So the jury is going to be aware, even if there's bifurcation, that he's being supervised, and they're going to probably be able to figure it out that he's got a conviction, right? Sure, they could have figured out that he's got a conviction, but it could have been a misdemeanor conviction. It didn't necessarily have to be a felon conviction. Sure, but they might have imagined even worse. I mean, so in other words, if the bifurcation might have led to worse speculation on the part of the jury, wouldn't it? Isn't that at least possible? I'm not sure, Your Honor. We can't get in the minds of the jury, but certainly when someone hears felony, they think that he did something very, very wrong, and it doesn't make sense. The stipulation was crafted in such a way as to limit the potential for jury speculation. I mean, isn't that, I mean, there was a stipulation with respect to that count, and you would have stipulated to that even if there had been bifurcation, right? No, not necessarily. He stipulated to that after there was a proven felony was coming in. Isn't there a stipulation in virtually all these cases to the fact of the prior conviction? No, Your Honor. There are bifurcations that happen all the time. I know there are bifurcations, but there usually is a stipulation that indeed the defendant has a prior felony conviction. Sure, and that could have come in in the second trial. We're not arguing that that shouldn't have come in at all. We're arguing that it should have come in in the first trial as to the gun, but it was unnecessary because there was testimony he was on parole, and parole could have been a number of things, certainly a number of things that didn't include possession of a gun, felony possession of a gun. It could have been parole or some other more minor crime. As to, oh, I'm sorry, is my time up? Yes, yeah, maybe you can't see it yet. We are over. Well, we have your briefs and certainly have your arguments, so we will reserve decision, but thank you both. Thank you, Your Honor. You bet. Have a nice day.